UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ELIZABETH SIRACUSE,

NOT FOR PUBLICATION
MEMORANDUM AND
ORDER

Plaintiff,

-against-

07-CV-2205 (CBA)(CLP)

ROMAN CATHOLIC DIOCESE
OF BROOKLYN, et al.

Defendants.
-----------------------------------------------------------------x
AMON, United States District Judge:

Plaintiff Elizabeth Siracuse ("Siracuse") brought this action against defendants Roman Catholic Diocese of Brooklyn (the "Diocese") and the Program for the Development of Human Potential (the "PDHP"), alleging violations of the Family Medical Leave Act of 1993 ("FMLA") and disability discrimination and retaliation pursuant to Section 8-107(a) of the Administrative Code of the City of New York (the "Code"). On December 2, 2008, the parties stipulated to a voluntary dismissal of all claims the Diocese. PDHP filed this motion for summary judgment on December 5, 2008. and the Court referred this motion to Magistrate Judge Cheryl L. Pollak for a report and recommendation ("R&R"). On September 15, 2009, Magistrate Judge Pollak issued an R&R recommending denial of PDHP's motion with regard to retaliation claims under the FMLA and the New York City Administrative Code, but granting the motion with regard to interference claims under the FMLA. PDHP filed timely objections to the R&R pursuant to Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1).

The Court reviews the R&R de novo. See Fed. R. Civ. P. 72(b); The European Community v. RJR Nabisco, Inc., 134 F. Supp. 2d 297, 302 (E.D.N.Y. 2001). Upon a review of the record, the Court hereby adopts the well-reasoned R&R as the opinion of the Court.

PDHP objects to the Magistrate Judge's finding that ". . . defendant PDHP is one of the programs operated by the Diocese" because the Diocese is no longer a party to this case. Siracuse agrees that PDHP is operated by the "Department of Education, Diocese of Brooklyn," and not the Diocese itself. See Pl.'s Responses to Def.'s Objs. at ¶ 1, Docket Entry 54. Accordingly, the court need not address this objection.

To the extent that PDHP objects to findings in the R&R that are "against the weight of the facts in evidence," the Court finds that the Magistrate Judge properly drew all justifiable inferences in favor of the nonmovant's evidence, as required on a motion for summary judgment. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). PDHP's also raises objections based on issues of disputed fact, but these objections merely underscore Magistrate Judge Pollak's conclusion that summary judgment is not appropriate with respect to Siracuse's retaliation claims under the FMLA and claims brought pursuant to the New York City Administrative Code. The Court has reviewed PDHP's remaining objections and finds them to be without merit.

Accordingly, the Court adopts the well-reasoned R&R as the opinion of the Court. PDHP's motion for summary judgment is granted with respect to Siracuse's first cause of action alleging interference under the FMLA in violation of 29 U.S.C. § 2615(a)(1), and denied with respect to all remaining claims. The Clerk of the Court is directed to enter judgment in accordance with this Order.

SO ORDERED.

Dated: Brooklyn, New York
February 19, 2010

s/Hon. Carol B. Amon

Carol Bagley Amon
United States District Judge