UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ELIZABETH SIRACUSE
                                    Plaintiff,

        -against-

                                                                07 Civ. 2205 (CLP) (CBA)


PROGRAM FOR THE DEVELOPMENT OF
HUMAN POTENTIAL,

                                    Defendant.
-----------------------------------------------------------x

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Plaintiff ELIZABETH SIRACUSE, by and through her counsel, respectfully submits her

proposed instructions to the jury as set forth below.   The following proposed instructions address

the applicable statutes and circumstances of this case, and the more universal instructions are not

included.

## REQUEST NO. 1

Ms. Siracuse, or the plaintiff, is claiming that her former employer, the defendant

Program for the Development of Human Potential ("PDHP"), unlawfully denied her a promotion

to supervisor of the Reconnecting Youth Program ("RY Program").  She claims that PDHP

unlawfully denied her the promotion because she had cancer.  Ms. Siracuse also claims that in

denying her the promotion, PDHP unlawfully retaliated against her for having taken a medical

leave of absence.

PDHP, in its defense, claims that it eliminated the supervisory position that Ms. Siracuse

sought, and to the extent that the supervisory position existed, it was filled with a more qualified

candidate.

1

<u>REQUEST NO. 2</u>

Ms. Siracuse is suing PDHP under two different statutes, the New York City Rights Law, which prohibits discrimination because of a person's disability, and the Family Medical Leave Act, which prohibits an employer from retaliating against an employee for having taken an approved medical leave of absence. It is important for you to return verdicts on her claims under both of the statutes.  If you find that she prevails on both of her claims, you do not need to worry about double recovery.  After you have returned your verdicts, the Court will make sure that a double recovery does not happen.

**Standard of Proof**

<u>REQUEST NO. 3</u>

The standard of proof for the plaintiff to prevail on her discrimination and retaliation claims is a preponderance of the evidence.  A preponderance of the evidence means such evidence as, when and considered and compared with that opposed to it, has more convincing force and produces in your minds belief that what is sought is more likely true than not true.  In other words, Ms. Siracuse's burden to prove her case by a preponderance of the evidence means that she must prove that it more likely than not that she was denied a promotion because of an illegitimate reason.

> <u>Greenway v. Buffalo Hilton Hotel</u>, 143 F.3d 47, 53 (2d Cir. 1998) ("[I]n cases where each party has met its initial burden, as determined by the court, juries should be requested to determine only the ultimate question: has the plaintiff proved that it is more likely than not that he or she was subjected to the adverse employment action based on illegal discriminatory motive.").

**NYCHRL - Disability Discrimination**

<u>REQUEST NO. 4</u>

Ms. Siracuse is asserting that PDHP discriminated against her because of her Hodgkins Lymphoma, a kind of cancer.  Lymphoma, or cancer, is considered a disability under the New York City Human Rights Law.  In order for Ms. Siracuse to prevail on her claim of disability discrimination, she must prove by a preponderance of the evidence that, first, she was disabled; second, she was qualified for the supervisor of the RY Program position at the time she was denied the job; third, that PDHP failed to promote her to the position; fourth, that PDHP failed to promote her because of her disability.

I am instructing you that Ms. Siracuse is considered "disabled" under the law.

If you find that Ms. Siracuse had the basic skills necessary for performance of the supervisory RY Program job, then she is qualified for the position.

In order for you to find that PDHP denied her the promotion to the supervisory position because of her disability, Ms. Siracuse must prove by a preponderance of the evidence that her disability was a determining factor in PDHP's decision to not to promote her.  There can be more than one reason for any decision.  Therefore, Ms. Siracuse does not need to prove that her disability was PDHP's sole consideration, or even its principal consideration, in denying her the supervisory position, but only that the employer's decision was motivated at least in part by her disability.  That is, you may find that Ms. Siracuse's disability was a determining factor if it played a substantial role or made a difference in PDHP's decision not to give her the job.  Even if you decide that PDHP had a stronger and perhaps even more compelling reason for its actions, you must find for Ms. Siracuse if you find that her disability played a part in the decision.

4

Winston v. Verizon Serv. Corp., 633 F.Supp.2d 42, 49 (S.D.N.Y.
2009) ("To show qualification for a job, a plaintiff must only offer
evidence that she has the basic skills necessary for performance of
the job.") (citing Slattery v. Swiss Reinsurance Am. Corp., 248
F.3d 87, 92 (2d Cir. 2001); Tomassi v. Insignia Fin. Group, Inc.,
478 F.3d 111,114 (2d Cir. 2007) ("[T]he question ... [is] simply
whether the evidence in plaintiff's favor ... is sufficient to sustain a
reasonable finding that her dismissal was motivated at least in part
by age discrimination."); Fields v. New York State Office of
Mental Retardation and Developmental Disabilities, 115 F.3d 116,
120 (2d Cir. 1997) (holding that plaintiff must show that "an
impermissible reason, even though not the only reason for an
adverse employment decision, was a substantial or motivating
factor, or made a difference in the decision.")(internal citations
omitted); see also Luciano v. Olsten Corp., 110 F.3d 210, 219 (2d
Cir. 1997).

<u>REQUEST NO. 5</u>

In order to prevail, Ms. Siracuse is not required to produce direct evidence, or a "smoking gun," that PDHP discriminated against her because of her disability.  Discrimination is rarely admitted and may be inferred from the facts surrounding the employer's decision.

> <u>Parish v. Solecitto</u>, 253 F. Supp.2d 713, 715-16 (S.D.N.Y. 2003)
> ("In [discrimination] cases plaintiffs are rarely able to produce the
> 'smoking gun' or silver bullet that decisively proves the offender's
> misconduct.")

PLAINTIFF'S REQUEST NO. 6

In determining whether the circumstances of Ms. Siracuse's employment and non-promotion give rise to an inference of discrimination, you may consider both direct and circumstantial evidence, including any signs of defendant's discriminatory attitudes or evidence of comments made by a company official that reflect stereotyped views or bias.

Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 120-21 (2d Cir. 2004) (holding that comments indicating that a pregnant employee may not be as committed to her job because she has "little ones at home ... constitute evidence that a jury could use to find the presence of discrimination"); Penta v. Sears  Roebuck, Co., No. 01 Civ. 2788, 2003 WL 21143071 at *6 (E.D.N.Y. May 12, 2003) ("Even 'stray' remarks in the workplace by persons not involved in the pertinent decisionmaking process ... may suffice to present a prima facie case ... and may indeed persuade the factfinder that the plaintiff has carried has his or her ultimate burden of persuasion") (quoting Ostrowski v. Atlantic  Mut. Ins. Cos., 968 F.2d 171, 182 (2d Cir. 1992)); Kirschner v. Office of the Comptroller of the City of New York, 973 F.2d 88, 92-93 (2d Cir. 1992) (same).

<u>REQUEST NO. 7</u>

You may draw an inference of discrimination from the comments made individuals who had substantial in-put in the decision-making process, in this case the decision not to promote Ms. Siracuse.  This is so, even if you find that the ultimate decisionmaker, Eileen Dwyer, did not have such a bias.

> <u>Weber v. Parfums Givency,</u> Inc., 49 F.Supp.2d 343, 361 (S.D.N.Y. 1999); <u>Azar v. TGI Friday's Inc.</u>, 945 F. Supp. 485, 499 (E.D.N.Y. 1996) (finding that comments made by the plaintiff's supervisory who regularly conferred with decision-maker constituted direct evidene of discriminatory intent); <u>see</u> <u>also</u> <u>Holcomb v. Iona College</u>, 521 F.3d 130, 143 (2d Cir. 2008) (noting that a plaintiff "is entitled to succeed, 'even absent evidence of illegitimate bias on the part of the ultimate decision maker, so long as the individual shown to have the impermissible bias played a meaningful role in the ... process") (quoting <u>Bickerstaff v. Vassar College</u>, 196 F.3d 435, 450 (2d Cir. 1999)).

<u>REQUEST NO. 8</u>

Even during a legitimate reorganization or reconfiguration of the workforce, it is unlawful for an employer to make employment decisions, such as  a promotion, for unlawful discriminatory or retaliatory reasons.

<u>Carlton v. Mystic Transp., Inc</u>. 202 F.3d 129, 136 (2d Cir.) (holding that "[e]ven within the context of a legitimate reduction-in-force, however, an employer may not discharge an employee 'because' of"a discriminatory factor.); <u>Hagelthorn v. Kennecott Corp.</u>, 710 F.2d 76, 81 (2d. Cir. 1983) (holding that "even during a legitimate reorganization or workforce reduction, an employer may not dismiss employees for unlawful discriminatory reasons").

<u>REQUEST NO. 9</u>

If you do not believe PDHP's explanation of why it did not promote Ms. Siracuse, you may infer that it is providing a false reason to cover up a discriminatory purpose. You may then conclude that the defendant unlawfully discriminated.  Pretext may be shown by such weaknesses, implausibilities, inconsistencies, incoherence, or contradictions in defendant's proffered reasons for its actions that a reasonable person could rationally find them unworthy of credence and from that infer that defendant did not act for the non-discriminatory reasons that it has given.   However, the plaintiff is not required to show that the employer's proffered reasons were false or played no role in the employment decision, but only that they were not the only reasons and that the prohibited factor was at least one of the "motivating" factors.

> <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 143, 147 (2000) (holding that the plaintiff can establish the existence of discrimination "by showing that the employer's proffered explanation is unworthy of credence") (quoting <u>Community Affairs v. Burdine</u>, 450 U.S. 248, 256 (1981)); <u>Holtz v. Rockefeller & Co., Inc.</u>, 258 F.3d 62, 78-79 (2d Cir. 2001) (string citation); <u>Chetal v. BLA Funding Corp.</u>, 05-CV-3014 (DRH) (ARL), 2007 WL 2077721 at *4 (E.D.N.Y. July 18, 2007) ("In order to demonstrate that the employer's stated non-discriminatory reasons for the allegedly discriminatory action are pretextual, "[a] plaintiff is not required to show that the employer's proffered reasons were false or played no role in the employment decision, but only that they were not the only reasons and that the prohibited factor was at least one of the motivating factors.") (quoting <u>Cronin v. Aetna Life Ins. Co.</u>, 46 F.3d 196, 203 (2d Cir. 1995); <u>St. Mary's Honor Center v. Hicks</u>, 509 U.S. 502, 511 (1993) ("[R]ejection of the defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination.") (emphasis omitted).

10

**FMLA - Retaliation**

<u>REQUEST NO. 10</u>

The FMLA requires covered employers to provide up to 12 weeks of unpaid leave to eligible employees for family-related and medical reasons, including to recover from a serious health condition and to undergo treatment for a serious health condition.  An employer is prohibited from discriminating against employees who request or take FMLA leave.  Ms. Siracuse is asserting that PDHP retaliated against her, in violation of the statute, when it refused to promote her to the RY Program supervisory position because she previously had taken medical leave.

29 U.S.C. §§ 2614(a), 2615(a)(2); 29 C.F.R. § 220(c).

<u>REQUEST NO. 11</u>

To prove that PDHP unlawfully retaliated against Ms. Siracuse in violation of the FMLA, Ms. Siracuse must prove by a preponderance of the evidence that 1) she took a medical leave of absence protected by the FMLA; 2) she was qualified for the RY Program supervisory position; 3) she was denied a promotion after she took the FMLA-protected leave; and 4) she was denied the promotion because she had taken FMLA leave.

> <u>Potenza v. City of New York</u>, 365 F.3d 165, 168 (2d Cir. 2004) ("[Plaintiff] must establish that 1) he exercised rights protected under the FMLA; 2) he was qualified for his position; 3) he suffered an adverse employment action; 4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent."); <u>Casseus v. Verizon, NY, Inc.</u>, ___ F. Supp.2d __, 2010 WL 2736935 at *6 (E.D.N.Y. July 9, 2010) (same).

<u>REQUEST NO. 12</u>

With respect to the required showing that plaintiff was denied the promotion because she had taken FMLA leave, the Court is respectfully referred to Request Nos. 4- 9 regarding establishing causation, inferences of illegitimate motive and pretext.

<u>REQUEST NO. 13</u>

You may draw an inference of retaliation if you find that PDHP denied Ms. Siracuse the promotion closely in time after she exercised her right to FMLA leave.

> <u>Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cty.</u>, 252 F.3d 545, 554 (2d Cir. 2001) ("In this Circuit, a plaintiff can indirectly establish a causal connection to support a discrimination or retaliation claim by "showing that the protected activity was closely followed in time by the adverse [employment] action.") (quoting <u>Reed v. A.W. Lawrence & Co.</u>, 95 F.23d 1170, 1178 (2d Cir. 1996)).

14

<u>REQUEST NO. 14</u>

You have heard testimony from several witnesses who were, or who still are, employed by PDHP.  The employment of these witnesses by PDHP, and the testimony you have heard of their relationships with the defendant, may be considered by you in deciding whether their testimony is in any way influenced by their employment relationship.

        <u>Noseworthy v. City of New York</u>, 298 N.Y. 76, 77 (N.Y. 1948) (holding that a jury may disbelieve an interested party "although it is not otherwise contradicted or impeached."); <u>Dobro v. Village of Sloan</u>, 48 A.D.2d 243, 247-48,(N.Y. App. Div. 1975) (holding that it is "well established" that a "jury might consider the fact of employment of a witness by a party in determining whether his testimony was in any way influenced by the employment relationship.") (citing PJI § 1:92).

**Damages**

REQUEST NO. 15

If you find for Ms. Siracuse under either her disability discrimination claim or FMLA

retaliation claim, then you must award her such sum of money as you believe will fairly and

justly compensate her for any injury you believe she will actually sustain as a result of the

conduct of the defendant in this case.  The purpose of the law is to make the plaintiff whole, to

put her in a position she would have been in if there had been no discrimination or retaliation.

See, e.g., McIntyre v. Manhattan Ford, 256 A.D.2d 269, 269-270 (N.Y. App.
Div.1998); see also 29 U.S.C. § 2617 (a)(1); N.Y.C. Admin. L. § 8-502.

**Damages - NYCHRL**

<u>REQUEST NO. 16</u>

If you find for Ms. Siracuse on her discrimination claim, she is entitled to the back pay and benefits she would have earned if the defendant had not acted unlawfully.  Ms. Siracuse is claiming that she is entitled to back pay and benefits for the period of November 21, 2004 to July 30, 2005, when she was receiving short-term disability benefits and before her resignation from PDHP.  In order to award back pay for this period, you must find that depression resulting from PDHP's discrimination  caused her to stop working and go on short-term disability. Uncertainties about the amount of lost compensation to be awarded should be resolved in the plaintiff's favor.

> <u>Koven v. Consolidated Edison Co. of New York</u>, 560 F.Supp. 1161, 1169
> (S.D.N.Y. 1983) ("The mere fact that damages may be difficult of computation
> should not exonerate a wrongdoer from liability. The most elementary
> conceptions of justice and public policy require that the wrongdoer shall bear the
> risk of the uncertainty which his own wrong has created.") (internal citation
> omitted).

<u>PLAINTIFF'S REQUEST NO. 17</u>

When determining the amount in damages to award to Ms. Siracuse, you may consider

the fact that she will be taxed on the damage award, and that the taxes will accrue at a higher rate

than they would have had she earned the same amount of money over a longer period.  You may

consider adjusting her award to compensate her for this additional tax burden.


<u>Sears v. Atchison, Topeka & Santa Fe Ry. Co.</u>, 749 F.2d 1451, 1456 (10th Cir. 1984)
(upholding lower court's decision to "includ[e] a tax component in the back pay
award to compensate [plaintiffs] for their additional tax liability as a result of
receiving over seventeen years of back pay in one lump sum.").

18

REQUEST TO CHARGE NO. 18

If you find that Ms. Siracuse has established her claim of discrimination, you may award her compensatory damages for injuries such as emotional pain, suffering, mental anguish, and humiliation.  There is no requirement that a claim of emotional distress be supported by proof of expenses, lost earnings, or specifically-measurable damage. There is also no requirement that a claim of emotional distress be supported by evidence from a medical or mental health professional who treated the plaintiff.

> New York City Transit Auth. v. State Div. of Human Rights, 78 N.Y.2d 207, 216 (N.Y. App. Div. 1991), on remand, 181 A.D.2d 891 (N.Y. App. Div. 1992) ("The existence of compensable mental injury may be proved, for example, by medical testimony where that is available, but psychiatric or other medical treatment is not a precondition to recovery."); Schulman v. Group Health Inc., 39 A.D.3d 223, 225, (N.Y. App. Div. 2007) ("Defendant's argument that plaintiff's claim of emotional distress must fail since it is not supported by a mental health professional is particularly disingenuous."); see also, McIntyre, 256 A.D.2d 269, 270 (upholding jury award of compensation for past and future emotional suffering as a result of retaliatory discharge); Bracker v. Cohen, 204 A.D.2d 115, 115-116 (N.Y. App. Div. 1994) (allowing award for compensatory and punitive damages for discrimination under the New York City Human Rights Law); Boodram v. Brooklyn Dev. Ctr., 2 Misc.3d 574, 583-84, 585-86 (N.Y. City Civ. Ct. 2003) ( recognizing the availability of awards for future emotional distress and future lost earnings under the New York Human Rights Law); N.Y.C. Admin. Code § 8-502.

19

<u>REQUEST TO CHARGE NO. 19</u>

If you find that PDHP engaged in a discriminatory practice with either malice or reckless indifference to Ms. Siracuse's right not to be discriminated because of her disability, you may also award her punitive damages.  Ms. Siracuse does not need to demonstrate that PDHP's conduct was egregious or outrageous in order to be entitled to punitive damages; instead, she needs only to have shown that the defendant either  knew or perceived that there might be a risk that it was violating her federally protected rights, or acted maliciously toward her.

42 U.S.C. §§ 1981a(b)(1); <u>Kolstad v. American Dental Ass'n.</u>, 527 U.S. 526, 534-35 (1999); <u>Zimmermann v. Associates First Capital Corp.</u>, 251 F.3d 376, 384-385 (2d Cir. 2001); <u>Luciano v. Olsten Corp.</u>, 110 F.3d 210, 219-20 (2d Cir. 1997); <u>Jordan v. Bates Advertising Holdings, Inc.</u>, 11 Misc.3d 764, 776, 816 N.Y.S.2d (N.Y. Sup. 2006, <u>rev'd</u> on <u>other</u> grounds, 46 A.D.3d 440, 848 N.Y.S.2d 127, 848 N.Y.S.2d 127 (N.Y.A.D.1st Dep't) (2007) (applying Title VII's punitive damages standards).

<u>REQUEST TO CHARGE NO. 20</u>

If you decide to award punitive damages, you must use sound reason in setting the amount and must not reflect bias, prejudice, or sympathy toward any party.  But the amount can be as large as you believe necessary to fulfill the purpose of punitive damages,  malicious or wanton and reckless acts, and thereby to discourage the defendant and others from acting in a similar way in the future.  Punitive damages are intended to protect the community and to be an expression of the jury's indignation at the misconduct.

<u>Ortiz-Del Valle v. National Basketball Ass'n</u>, 42 F. Supp.2d 334, 344-45 (S.D.N.Y. 1999); <u>McIntyre</u>, 256 A.D.2d at 682 (noting that "[t]he United States Supreme Court has observed that the amount of the exemplary award has always been left to the discretion of the jury, as the degree of punishment to be thus inflicted must depend on the peculiar circumstances of each case," upholding punitive damages award under New York City Human Rights law as it did "not exceed the limits of what constitutes a reasonable relationship to the amount of compensatory damages" and holding that "[t]he wealth of a defendant is material to the assessment of punitive damages") (internal citations omitted).

**Damages - FMLA**

<u>REQUEST NO. 21</u>

Ms. Siracuse is entitled to "liquidated damages" equal to the amount of damages

awarded for lost compensation plus interest unless PDHP proves, by a preponderance of the

evidence, that its violation of the FMLA was in good faith and that it had reasonable grounds for

believing it was not violating the FLSA.

29 U.S.C. § 2617(a)(1)(A)(iii).

<u>REQUEST NO. 22</u>

For you to find that PDHP acted in good faith when it denied Ms. Siracuse the promotion, PDHP must show, with plain and substantial evidence, that it took active steps to determine what the FMLA requires and to comply with it.  In order to avoid an award of liquidated damages, PDHP must also show that it had reasonable grounds for its conduct.

> 29 U.S.C. § 2617(a)(1)(iii); <u>Persky v. Cendant Corp.</u>, 547 F. Supp.2d 152, 157 (D. Conn. 2008) ("To establish 'good faith,' a defendant must produce 'plain and substantial evidence of at least an honest intention to ascertain what the Act requires and to comply with it.") (quoting <u>Reich v. Southern New England Telecommunications Corp.</u>, 121 F.3d 58, 71 (2d Cir. 1997).

Dated: New York, New York
      November 9, 2010

Attorney for Plaintiffs

By: _____/s/_____
      MARGARET McINTYRE
      225 Broadway, Suite 2515
      New York, New York 10007
      (212) 227-9987

      BERANBAUM MENKEN LLP
By: _____/s/_____
      John A. Beranbaum
      80 Pine Street, 33rd Floor
      New York, New York 10005
      (212) 509-1616