UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
ELIZABETH SIRACUSE,

                Plaintiff,

         -against-

ROMAN CATHOLIC DIOCESE OF BROOKLYN;
and PROGRAM FOR THE DEVELOPMENT
OF HUMAN POTENTIAL

                Defendants.
------------------------------------X

Index No.
07cv2205(CBA)(CLP)

**DEFENDANT'S SECOND AMENDED PROPOSED JURY INSTRUCTIONS**

Defendant, Program For The Development of Human Potential, by and through their attorneys, respectfully submits proposed instructions to the jury as set forth below:

## Plaintiff's Claim of Discrimination and/or Retaliation for taking FMLA Leave

### Essential Elements

FMLA provides certain medical leave to Plaintiff for her own serious condition and the treatment of that condition. This leave is not unconditional and Plaintiff must qualify for it. FMLA leave can be either for up to 12 weeks or taken on an intermittent basis. 29 U.S.C. 2612(b)

FMLA leave is only available for Plaintiff's serious health condition or its treatment [29 U.S.C. 2612(a)(1)(D); 29 C.F.R. 825.112(4)] which renders Plaintiff unable to perform the functions of her position.

In addition to establishing a serious health condition that prevented her from performing the functions of her position, Plaintiff must meet other statutory requirements. To qualify for FMLA protection, Plaintiff was required to work 1250 hours in the twelve (12) months immediately prior to the taking of FMLA leave. Defendant does not contest that Plaintiff was entitled to FMLA protection for the period from September 2003 through June 2004.

As to Plaintiff's leave that commenced in November 2004, if you find that the Plaintiff did not work for 1250 hours between November 2003 and November 2004, this leave is not protected under FMLA and Plaintiff is not entitled to protection of FMLA. 29 U.S.C. 2612; 29 C.F.R. 825.110.

FMLA does not provide Plaintiff with any greater rights or benefits that she would have enjoyed if she had not taken FMLA leave or those of employees who did not take FMLA leave. Sista v. CDC Ixis N. Am Inc. 445 F.3d 161, 175 (2nd Cir. 2006); Santos v Knitgoods Workers' Union, Local 155, 1999 U.S. Dist. Lexis 9036, No 99 Civ. 1499, 10 (SDNY 1999) *aff'd* 252 F.3d 175 (2nd Cir. 2001). 29 U.S.C. 2614(a)(3) Plaintiff cannot require the Defendant to maintain the RY Supervisor position if it intended to eliminate it for legitimate business reason.

FMLA requires that an employer, like the Defendant, return a person, like the Plaintiff, to her position or a similar or like position that she had before the need to take leave occurred. 29 U.S.C. 2614(a) Here there is no issue that Defendant returned Plaintiff to her position and then held that position open for her after she went on leave in November, 2004. She also received all salary increase and health benefits when on leave that she would have received if she was not on leave. 29 U.S.C. 2614(a)(2) Plaintiff's position was held open until Plaintiff resigned in July, 2005.

Any employer covered by FMLA has a proscriptive obligation to not penalize any person for exercising their rights under FMLA. Hale v Mann, 219 F.3d 61, 82 (2nd Cir 2000)

Elizabeth Siracuse accuses Defendant of disability discrimination and retaliation for taking the FMLA leave that she actually used. Specifically, she claims that Defendant took adverse employment actions against her because of disability discrimination and in retaliation for her taking FMLA leave. [29 USC 2615(a)(2)] This adverse action is alleged to be a denial of a promotion to the "RY Supervisor position". To succeed on this claim, Plaintiff must prove by a preponderance of the evidence *all* of the following [per Potenza v City of New York, 365 F3d 165 (2nd Cir. 2004)]:

FIRST, Elizabeth Siracuse had a serious health condition from the treatment of this illness or required treatment of an illness which was a serious health condition.

SECOND, Elizabeth Siracuse's case of Hodgkin's Lymphoma and the treatment it required, including chemotherapy, substantially limited Elizabeth Siracuse's ability to perform the tasks required by her position as school counselor with the Program for the Development of Human Potential at the time of the leave. To be eligible for FMLA one must be unable to perform the functions of one's position. [29 USC 2612(a)(1); 29 C.F.R. 825.123] If you find that Plaintiff was not eligible for FMLA leave, you cannot find that Defendant discriminated against her under FMLA.

THIRD, Elizabeth Siracuse was a qualified individual, which means she could not perform one or more of the essential functions of "RY Supervisor" at the time Program for the Development of Human Potential did not offer her the "RY Supervisor". If you find that she was eligible for FMLA at the time that she sought the alleged RY Supervisor promotion, you cannot also find that she was able to perform all of the functions of that Position at that time. 29 CFR 825.123(a) and you must find that no discrimination occurred.

A person is substantially limited if she is significantly limited in her ability to perform the essential functions of her job. In determining whether Elizabeth Siracuse's impairment substantially limits her ability to perform the essential functions of the job she believes she applied for, which is a supervisor

2

position, you should compare Elizabeth Siracuse's ability to perform the essential functions of her job with that of the average person as defined by the Americans With Disabilities Act. 29 C.F.R. 823.123. In this case you, in doing so, should also consider: (1) the nature and severity of the impairment; (2) how long the impairment will last or is expected to last; and (3) the permanent or long-term impact of, or expected impact, of the impairment. Temporary impairments with little or no long-term impact are not sufficient. It is not the name of the impairment or condition that matters, but rather the effect of that impairment or condition on the life of Elizabeth Siracuse.

In order to decide what the essential functions of a job are, you may consider the following factors: (1) The employer's judgment as to which functions of the job are essential; (2) written job descriptions; (3) the amount of time spent on the job performing the function in question; (4) consequences of not requiring the person to perform the function; (5) the work experience of people who have held the job; (6) the current work experience of people in similar jobs; (7) whether the reason the position exists is to perform the function; (8) whether the function is highly specialized and the individual in the position was hired for her expertise or ability to perform the function; and (9) whether the function can be performed remotely. No one factor is necessarily controlling. You should consider all of the evidence in deciding whether a job function is essential.

FOURTH: Pretext: If Plaintiff proves all of the above, Defendant must proffer a plausible non-discriminatory reason for its decision not to promote Plaintiff. If you find that Plaintiff did not proffer a non-discriminatory reason for its decision, you must find for the Plaintiff as to FMLA discrimination.

You may find that Plaintiff's disability was a motivating factor in Defendant's decision if it has been proved by a preponderance of the evidence that Defendant's stated reason for its decision is not the true reason, but is a "pretext" to hide discriminatory motivation.

FIFTH: If Plaintiff proves that Defendant retaliated against Plaintiff for availing herself of FMLA protections, and even if Defendant acted for other reasons in addition to the retaliation, you may nevertheless still find for Plaintiff if you believe the Defendant acted in part from discriminatory motivation.

If Plaintiff cannot prove the reason given by the Defendant is false, you may find that there was no FMLA discrimination unless Plaintiff proves otherwise.

An "adverse employment action" is one that, standing alone, actually causes damage, tangible or intangible, to an employee. The fact that an employee is unhappy with something her employer did or failed to do is not enough to make that act or omission an adverse employment action. An employer takes adverse action against an employee only if it: (1) takes something of consequence away from the employee, for example by discharging or demoting the employee, reducing his or her salary, or taking away significant responsibilities; or (2) fails to give the employee something that is a customary benefit of the employment relationship, for example, by failing to follow a customary practice of considering the employee for promotion after a particular period of service.

FMLA does not shield Plaintiff from legitimate business decisions of Defendant that may have negative consequences on her employment. Geromanos v. Columbia Univ., 322 F.Supp.2d 420, 428 (SDNY 2004)

A termination of a position, such as the RY Supervisor position as configured prior to May 2004, does not violate the FMLA rights of Plaintiff because a reduction in workforce for financial reasons is sufficient to fulfill the defendant's burden. Sabatino v. Flik Int'l Corp., 286 F.Supp.2d 327, 334 (SDNY 2003).

## NEW YORK CITY HUMAN RIGHTS LAW DISCRIMINATION

Essential Elements

Your verdict must be for the Plaintiff [and against the Defendant] on Plaintiff's disability discrimination claim if <u>all</u> of the following elements have been proved by the preponderance of the evidence:

1. Plaintiff was a qualified individual with a disability;

2. A supervisor's position for the Defendant's RY program actually was available when Plaintiff alleges she applied for it.

3. Plaintiff was denied a promotion to said supervisor's position by Defendant;

4. Plaintiff's disability was a motivating factor in Defendant's decision to not promote her.

If any of the above elements has not been proved by the preponderance of the evidence, your verdict must be for Defendant and you need not proceed further in considering this claim.

Disability Discrimination – Motivating Factor

Plaintiff accuses Defendant of disability discrimination. Specifically, she claims that Defendant took adverse employment action against her because of her disability or a perception of disability.

*First*, Plaintiff had a physical, medical, mental or psychological impairment, or a history or record of such impairment;

*Second*, Plaintiff's disability limited her ability to perform the essential job requirements of the position she sought;

*Third*, Plaintiff was a qualified individual, which means she could have performed the essential functions of the position she sought at the time Defendant failed to promote her to such position if Defendant;

4

*Fourth*, The position Plaintiff sought actually was available at the time she applied for it;

*Fifth*, that Plaintiff's disability was a motivating factor in Defendant's decision to not give her the position she sought.

A person is substantially limited if she is significantly restricted in the ability to perform the tasks required by her job position or the job position she seeks. In determining whether Plaintiff's impairment substantially limits her ability to perform the tasks required by her job position or the job position she seeks, you should compare Plaintiff's ability to perform the tasks required by her job position nor the job position she seeks with that of the average person. In doing so, you should also consider: (1) the nature and severity of the impairment; (2) how long the impairment will last or is expected to last; and (3) the permanent or long-term impact, or expected impact, of the impairment. Temporary impairments with little or no long-term impact are not sufficient. It is not the name of the impairment or condition that matters, but rather the effect of that impairment or condition on the life of Plaintiff.

In order to decide what the essential functions of a job are, you may consider the following factors: (1) The employer's function as to which functions of the job are essential; (2) written job descriptions; (3) the amount of time spent on the job performing the function in question;(4) consequences of not requiring the person to perform the function; (5) the work experience of people who have held the job; (6) the current work experience of people in similar jobs; (7) whether the reason the position exists is to perform the function; (8) whether there are a limited number of employees available among whom the performance of the function can be distributed; (9) whether the function is highly specialized and the individual in the position was hired for his or her expertise or ability to perform the function..

No one factor is necessarily controlling. You should consider all of the evidence in deciding whether a job function is essential.

An "adverse employment action" is one that, standing alone, actually causes damage, tangible or intangible, to an employee. The fact that an employee is unhappy with something his or her employer did or failed to do is not enough to make that act or omission an adverse employment action. An employer takes adverse action against an employee only if it: (1) takes something of consequence away from the employee, for example, by discharging or demoting the employee, reducing her salary, or taking away significant responsibilities; or (2) fails to give the employee something that is a customary benefit of the employment relationship, for example, by failing to follow a customary practice of considering the employee for promotion after a particular period of service.
An adverse employment action by a supervisor is an action of the employer. If you find that Plaintiff has not proven, by a preponderance of the evidence, that Plaintiff's disability played a more than trivial role in [specific adverse action], your verdict must be for Defendant.

But if you find that Plaintiff has proven, by a preponderance of the evidence, that her disability was a motivating factoring in Defendant's decision to not promote, then the burden of

proof shifts to Defendant to prove by a preponderance of the evidence that it would nevertheless have taken the same action even if it had not considered Plaintiff's disability.

If you find that Defendant has not met its burden of proof, your verdict will be for Plaintiff and you will proceed to consider damages as I will describe them. But if you find that Defendant has proven that it would have taken the same action regardless of Plaintiff's disability, you will not consider damages.

I have prepared a special verdict form to assist you in addressing these issues.

Reasonable Accommodation

Your verdict must be for Plaintiff and against Defendant if all of the following elements have been proved by the preponderance of the evidence:

*First*, plaintiff had Hodgkin's Lymphoma; and

*Second*, such Hodgkin's Lymphoma substantially limited plaintiff's ability the to perform the essential functions of her job requirements; and

*Third*, Defendant knew of Plaintiff's Hodgkin's Lymphoma; and

*Fourth*, Plaintiff could have performed the essential functions of the job she believes she applied for, which is a supervisor position at the time defendant failed to promote plaintiff if plaintiff had been provided with accommodation(s) identified by plaintiff, if any]; and

*Fifth*, Did Plaintiff request any accommodation(s) identified by her, that would have been reasonable; and

*Sixth*, Defendant failed to provide reasonable accommodation(s) identified by plaintiff, [if any] and failed to provide any other reasonable accommodation.

If any of the above elements has not been proved by the preponderance of the evidence, then your verdict must be for Defendant.

"Motivating Factor"

The term "motivating factor" means a consideration that moved Defendant, at least in part, toward its decision or a factor that played a part in an employment decision.

## LOST PAY CLAIMS

If you find that the Plaintiff suffered damages resulting from lost pay due to employment discrimination, you must decide whether the Plaintiff used reasonable diligence in finding other suitable employment. If you find that the Plaintiff did not use reasonable diligence in finding other suitable employment, or failed to appear for a position she did possess during the period of her claimed loss, you must subtract the value of such work from her claim for lost pay.

> Per Clarke v. Frank, 960 F.2d 1146 (2d Cir. 1992):
> A victim of employment discrimination has the same duty to mitigate his damages as any victim of a tort or breach of contract. *See Ford Motor Co.*, 458 U.S. at 231 & n. 15. This duty "requires the claimant to use reasonable diligence in finding other *suitable* employment." *Id.* at 231 (emphasis added). The claimant need not accept employment that is not comparable to his previous position; but if he accepts less prestigious work, his earnings from that job are subtracted from his back pay award. *Id.* at 231 & n. 14. The employer bears the burden of proving that suitable work existed, and that the employee did not make reasonable efforts to obtain it. *E.g., Normand v. Research Institute of America, Inc.*, 927 F.2d 857, 865 (5th Cir. 1991)

## CALCULATION OF DAMAGES

Even if you find that the Plaintiff has suffered employment discrimination as alleged under the Family Medical Leave Act against the Defendant, you cannot award punitive damages against the Defendant.

Per Barr v. New York City Transit Auth., 2002 U.S. Dist. LEXIS 2968 (E.D.N.Y. 2002):
> **Punitive damages are not available under the FMLA,** *see* 29 U.S.C. § 2617; *Cavin v. Honda of Am. Mfg., Inc.*, 138 F. Supp. 2d 987, 992 (S.D.Ohio 2001); *Keene v. Rinaldi*, 127 F. Supp. 2d 770, 772 (M.D.N.C. 2000); *Rogers v. AC Humko Corp.*, 56 F. Supp. 2d 972, 979 (W.D.Tenn.1999); *Vicioso v. Pisa Bros.*, 1998 U.S. Dist. LEXIS 9729, 98 CV 2027, 1998 WL 355415, at *4 (S.D.N.Y. July 1, 1998), or the NYSHRL. *See Thoreson v. Penthouse Int'l, Ltd.*, 80 N.Y.2d 490, 499, 591 N.Y.S.2d 978, 606 N.E.2d 1369 (1992); *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 50 n. 1 (2d Cir.1998). [Emphasis added]

Even if you find that the Plaintiff has suffered employment discrimination as alleged under the NYC Administrative Code 8-107 against the Defendant, punitive damages may only be awarded if you find that the defendant acted with malice or reckless indifference to Plaintiff's rights. See Weissman v. Dawn Joy Fashions, Inc., 214 F.3d 224 (2d Cir. 2000).

7

Defendant reserves the right to supplement or amend these charges with leave of the Court.

                                            Respectfully Submitted,

                                            Marc J. Monte, Esq. (MM-0463)
                                            Wingate Kearney & Cullen, LLP
                                            *Attorneys for Defendant*
                                            45 Main Street, Ste. 1020
                                            Brooklyn, New York 11201
                                            (718) 852-5900