UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ELIZABETH SIRACUSE,

                      Plaintiff,

                      JURY VERDICT FORM
                      07 CV 2205 (CLP)
v.

PROGRAM FOR THE DEVELOPMENT
OF HUMAN POTENTIAL,

                      Defendant.

-----------------------------------------------------------x

**COURT'S EXHIBIT NO. 10**
IDENTIFICATION/EVIDENCE
DKT.#
DATE:

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 04 2011 ★
BROOKLYN OFFICE

I. <u>NEW YORK CITY HUMAN RIGHTS LAW: LIABILITY</u>

1. Has the plaintiff established, by a preponderance of the evidence, that at the time of the events at issue, she qualified as disabled, had a record of disability, or was perceived by PDHP as suffering from a disability as I have explained that term to you?

        Yes ✓       No ____

If your answer is "Yes," proceed to Question 2.
If your answer is "No," proceed to Question 5.

2. Has the plaintiff established by a preponderance of the evidence that, at the time of the events at issue, she was qualified to be promoted to the position of supervisor of the RY Program?

        Yes ✓       No ____

If your answer is "Yes," proceed to Question 3.
If your answer is "No," proceed to Question 5.

3. Has the plaintiff established, by a preponderance of the evidence, that the defendant failed to promote her to an RY Supervisor position that existed at the time?

        Yes ✓       No ____

If your answer is "Yes," proceed to Question 4.
If your answer is "No," proceed to Question 5.

4. Has the plaintiff established, by a preponderance of the evidence, that her disability, record of disability, or perceived disability was a motivating factor in the defendant's decision not to promote her?

Yes √   No ___

Proceed to Part II, Question 5.

II.   FMLA RETALIATION: LIABILITY

5. Has the plaintiff established, by a preponderance of the evidence, that she was an eligible employee covered by the Family and Medical Leave Act?

Yes √   No ___

If your answer is "Yes," proceed to Question 6.
If your answer is "No," but you answered "Yes" to Questions 1-4, proceed to Part III.
If your answer is "No," and you answered "No" to any of Questions 1-4, report to the Court.

6. Has the plaintiff established, by a preponderance of the evidence, that she took a medical leave of absence entitled to protection under the Family and Medical Leave Act?

To answer this question, you must decide if the plaintiff established, by a preponderance of the evidence, that she had a serious health condition which rendered her unable, at least on an intermittent basis, to perform the functions of her job.

Yes √   No ___

If your answer is "Yes," proceed to Question 7.
If your answer is "No," but you answered "Yes" to Questions 1-4, proceed to Part III.
If your answer is "No," and you answered "No" to any of Questions 1-4, report to the Court.

7. Has the plaintiff established, by a preponderance of the evidence, that she was qualified for the position she sought?

Yes √   No ___

If your answer is "Yes," proceed to Question 8.
If your answer is "No," but you answered "Yes" to Questions 1-4, proceed to Part III.
If your answer is "No," and you answered "No" to any of Questions 1-4, report to the Court.

8. Has the plaintiff established, by a preponderance of the evidence, that she was denied a promotion to the RY Supervisor position after she took FMLA leave?

Yes __✓__   No ____

If your answer is "Yes," proceed to Question 9.
If your answer is "No," but you answered "Yes" to Questions 1-4, proceed to Part III.
If your answer is "No," and you answered "No" any of Questions 1-4, report to the Court.

9. Has the plaintiff established, by a preponderance of the evidence, that her taking FMLA leave was a motivating factor in defendant's decision not to promote her

Yes ____   No __✓__

If your answer is "Yes" and/or you answered "Yes" to Questions 1 through 4 *or* Questions 5 through 9, proceed to Part III.
If your answer is "No" and you answered "No" to any of Questions 1-4, report to the Court.

III. LOST EARNINGS AND BENEFITS

If you answered "Yes" to Questions 1 through 4 or you answered "Yes" to Questions 5 through 9, you should consider whether plaintiff is entitled to an award of lost earnings and benefits.

Please state your answers to the following questions with numbers. If you decide not to make an award as to any item, you will insert the word "none" as to that item.

10. Past lost earnings and benefits. What amount, if any, do you award for the past lost earnings and benefits that you find would have been made by Ms. Siracuse had she not been denied the promotion?

$ __38,472__

IV. <u>NYCHRL DAMAGES</u>

If you answered "Yes" to Questions 1 through 4, you should consider the following Questions.

Please state your answers to the following questions in numbers where indicated. If you decide not to make an award as to any item, you will insert the word "none" as to that item.

    11. <u>Damages for emotional distress</u>. What amount, if any, do you award for injuries such as emotional pain, suffering, mental anguish, and humiliation?

$ 40,000

    12. <u>Punitive damages.</u> Do you find that defendant acted with either malice or reckless indifference to plaintiff's right to not be discriminated against?

Yes ____  No ✓

If your answer is "Yes," proceed to Question 13.
If your answer is "No," report to the Court.

    13. What amount do you award, if any, in punitive damages against the defendant?

$ _____

Report to the Court.

The jury foreperson is to sign and date the verdict form and advise the Marshal that a verdict has been reached.

_Scott Livin_ (signature)
Foreperson of the Jury

Date: 4/21/2011